**Rica F. VERKUILEN, Plaintiff–Appellant,**

v.

**SOUTH SHORE BUILDING AND MORTGAGE COMPANY, et al., Defendants–Appellees.**

No. 97–1645.

United States Court of Appeals, Seventh Circuit.

Argued Aug. 5, 1997.

Decided Aug. 18, 1997.

Thomas Greenberg (argued), Merrillville, IN, for Plaintiff–Appellant.

Kirk A. Pinkerton (argued), Jeffrey F. Gunning, Pinkerton & Friedman, Munster, IN, for Defendants–Appellees.

Before EASTERBROOK, MANION, and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

This case has been whittled down to a single issue: whether demands made in pleadings and interrogatories count as written requests to a plan administrator for pur-

poses of § 105(a) of the Employee Retirement Income Security Act, 29 U.S.C. § 1025(a). A magistrate judge, sitting by mutual consent under 28 U.S.C. § 636(c), answered "no"; we concur.

Rica Verkuilen's complaint asserted—in addition to other claims that have since been resolved—that she had asked her employer what the balance in her profit sharing account was, and that the employer (which is also the plan administrator) had not furnished this information. None of the presuit requests was in writing, although the statute reads: "Each administrator of an employee pension benefit plan shall furnish to any plan participant or beneficiary who so requests in writing, a statement" specifying accrued benefits. 29 U.S.C. § 1025(a). During the five years this case lingered on the district court's docket, Verkuilen never sent a written request to the plan administrator. Her theory of recovery: that the complaint itself, an amended complaint, and an interrogatory were the necessary written requests. Failure to furnish the information promptly in response to the complaint, according to Verkuilen, entitled her to $100 per day under 29 U.S.C. § 1132(c)(1) for every day after the thirtieth. The district court granted summary judgment to the employer with the observation that ERISA calls for the request to be sent to the plan administrator, while the complaints were filed with the court. "Apparently Verkuilen believes this court to be the plan administrator", the judge quipped.

Verkuilen replies that the interrogatory, at least, requested information of the plan administrator—and although it was not sent to the administrator, it reached the employer's attorney as its agent. Perhaps this avoids the magistrate judge's observation that complaints are filed with (and request action by) the court rather than the administrator; an interrogatory does request information from the adverse party. But it does not avoid the more fundamental point that one must have a grievance before commencing suit; delay in responding to a complaint or discovery request can't logically be what the case is *about*. Imagine a complaint whose sole claim reads: "I want the defendant to pay me $100 per day for delay in responding to this complaint." Such a document would be stricken. Unless the parties have a dispute predating the complaint, there is nothing to litigate about. So too with a complaint demanding that the employer disclose the balance of a retirement account: unless the participant made a request in writing to the plan administrator more than 30 days before filing the complaint, there is no case or controversy; and if the written request was made, there is no need to treat the complaint as a request.

■ ERISA and the Rules of Civil Procedure call for different kinds of responses, at different times, to different people. A plan administrator that receives a request for information must furnish the data within 30 days "by mailing the material requested to the last known address of the requesting participant or beneficiary". 29 U.S.C. § 1132(c)(1). An employer that receives a complaint in a civil case must file an answer under Fed.R.Civ.P. 12(a)(1)(A) within 20 days of service of the summons and complaint, or file another appropriate document such as a motion to dismiss, or a motion for extension of time. Answers and motions, documents whose contents are prescribed by the rules, are served on counsel rather than the "requesting participant or beneficiary", and service may be in hand as well as by mail. Fed.R.Civ.P. 5(b). An interrogatory under Fed.R.Civ.P. 33 is a lawyer-to-lawyer device, rather than a participant-to-administrator device. Delay in answering an interrogatory has its own consequences, potentially more severe than $100 per day but also linked more directly to the status of the litigation. See Fed.R.Civ.P. 37. Rule 33(b)(3) gives 30 days as the norm for answers, but the court may vary this time; can it be that any request for extra time to answer interrogatories in an ERISA case places the employer in violation of ERISA? That statute may be comprehensive, but it does not take over the field of civil litigation and oust rules adopted under the Rules Enabling Act.

Instead of forcing the defendant to guess whether to use the approach of ERISA or the Federal Rules of Civil Procedure in response to litigation documents, participants

should do what ERISA contemplates: send a simple written request to the plan administrator. If 30 days pass and the administrator does not reply, suit may be filed to collect the statutory penalty (although one hopes that the parties will first attempt to work out their differences). If litigation is in progress—a claim to recover unpaid benefits, for example—the participant still may send a written request, and if the plan administrator balks the participant may amend the complaint to add a penalty claim. The procedure for requesting information is so simple, and the statutory rules for response so explicit, that we have insisted on strict compliance by both participant and administrator. *Jones v. UOP*, 16 F.3d 141 (7th Cir.1994); *Kleinhans v. Lisle Savings Profit Sharing Trust*, 810 F.2d 618 (7th Cir.1987). Nothing but confusion could come from treating complaints and interrogatories as ERISA demands, and replacing Rules 11 and 37 with the penalty provisions of § 1132(c).

AFFIRMED.