**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 26, 2006[*]
Decided May 30, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-3449

| | |
|---|---|
| VANESSA I. PAGE,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>CITY OF LANSING, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 05 C 19<br><br>Samuel Der-Yeghiayan,<br>*Judge.* |

**ORDER**

Vanessa Page appeals from the district court's dismissal of her civil rights complaint against the City of Lansing, Illinois; two Lansing police officers; and Avis Rent a Car.  The allegations in Page's complaint are disjointed and unclear, but she seems to allege that Lansing police officers violated her civil rights by wrongfully arresting her for stealing a car that she had lawfully purchased.  She also appears to accuse Avis of defaming her by giving false statements to the authorities

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

regarding her role in car theft. The district court dismissed this complaint for failure to state a claim, noting that the complaint "was utterly incoherent" and did "not state on the most general and simplest level, what the bases of this suit are in such a manner that would enable any of the Defendants to discern what claim is being brought against them."

Page's brief on appeal is difficult to understand, and she does not address the district court's conclusion that her complaint failed to satisfy notice pleading standards. Instead she asserts only that the court erroneously dismissed her complaint because the defendants had first defaulted by not answering her complaint in a timely fashion. According to Page, the court should have granted a motion she had filed for default judgment.

The district court was within its discretion not to grant Page's motion because the defendants never defaulted. Defendants must respond to a complaint within 20 days of being served, *see* Fed. R. Civ. P. 12(a)(1)(A), by filing either an answer or "another appropriate document such as a motion to dismiss, or a motion for extension of time." *Verkuilen v. S. Shore Bldg. and Mortgage Co.*, 122 F.3d 410, 411 (7th Cir. 1997). Here, the defendants moved within 20 days of service for an extension of time. The district court granted these motions, and it was within the extended time period that the defendants then moved to dismiss the complaint.

AFFIRMED