# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 27, 2011

No. 10-20664

Lyle W. Cayce
Clerk

KENNETH KUJANEK,

Plaintiff - Appellee

v.

HOUSTON POLY BAG I, LIMITED,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before SMITH and STEWART, Circuit Judges.[*]

CARL E. STEWART, Circuit Judge:

Kenneth Kujanek sued his former employer, Houston Poly Bag I, Ltd. ("Houston Poly"), under the Employee Retirement Income Security Act ("ERISA")[1] to recover profit sharing and retirement benefits that were allegedly withheld from him. During Kujanek's employment with Houston Poly he accrued a significant amount of vested benefits in a profit-sharing plan that Houston Poly offered to its employees. After resigning from Houston Poly, Kujanek made multiple attempts to obtain plan documents and the necessary

---

[*] This case is being decided by a quorum due to the death of Judge William L. Garwood on July 14, 2011.  28 U.S.C. § 46(d).

[1] 29 U.S.C. § 1001 *et seq*.

No. 10-20664

forms for electing a "rollover" distribution of his benefits. When his attempts were unsuccessful, he brought the underlying suit against Houston Poly. The district court granted summary judgment for Kujanek on his claims that Houston Poly breached its fiduciary duty of loyalty and violated ERISA's disclosure requirements. The district court also awarded Kujanek statutory penalties and attorney's fees. We AFFIRM in part and REVERSE in part and REMAND.

## I. BACKGROUND

Houston Poly, a limited partnership in Texas, offers a profit-sharing plan to its employees to provide them with additional retirement income. The administrators of the plan are Houston Poly and Pension Benefit Administrators ("PBA"). The trustees of the plan are William Sumner, Jr., and his son William E. Sumner III ("Sumner"), who is the manager of the general partner of Houston Poly.

In September 2007, Kujanek resigned from Houston Poly after seventeen years with the company as a sales representative. At the end of 2007, Kujanek's profit-sharing account with Houston Poly had vested benefits totaling $490,198.78. Employees were required under company policy to wait at least one year from the date of termination before they could obtain a distribution of their account benefits. Kujanek was aware of this one-year rule at the time he left Houston Poly. To actually request a distribution, employees were generally required to complete and submit a distribution election form. Kujanek was not told of the election form nor given any information regarding his profit-sharing account when he left the company.

Two months after Kujanek resigned, Houston Poly sued Kujanek in state court for breach of employment contract, breach of fiduciary duty to the company, and tortious interference with business relations. In April 2008, during the discovery phase of the state court litigation, Kujanek made a

No. 10-20664

production request on Houston Poly for all documents describing the terms and conditions of Houston Poly's contribution to its profit-sharing plan, and documents describing the eligibility requirements for employees to receive benefits from the plan. Houston Poly objected to the request on relevancy grounds and refused to provide the documents. The case was ultimately tried to a jury, and a take-nothing judgment was entered in Kujanek's favor.

In September 2008, one year after his termination, Kujanek contacted Houston Poly's financial advisor Tom Ross to obtain information on his profit-sharing account. Kujanek asked Ross, the broker of record for the plan, to call Houston Poly on his behalf and request a distribution of his account benefits. Ross accordingly called Sumner and informed him of Kujanek's request. Sumner responded that any such distribution request needed to come from Kujanek directly. Kujanek did not contact Sumner, however; nor did Sumner contact Kujanek or authorize Ross to provide Kujanek with a distribution election form.

In February 2009, after Houston Poly rebuffed Kujanek's demand for additional profit-sharing contributions, Kujanek filed the underlying suit against Houston Poly and PBA. He alleged, among other things, that Houston Poly wrongfully denied him access to his account funds and documentation related to those benefits. He also alleged that Houston Poly breached its fiduciary duty by improperly withholding from him the plan documents and forms necessary to elect a rollover distribution. In 2009, Kujanek eventually received a rollover distribution from his profit-sharing account, but he received only $306,000, the account balance at the end of 2008. Kujanek asserted in his complaint that but for Houston Poly's failure to timely give him the necessary plan documents and forms, he would have submitted his distribution request in 2008 and received the $490,198.78 amount then vested. Kujanek thus sought in damages the difference between his 2008 and 2007 balances, an amount over $180,000. In

No. 10-20664

addition to damages, Kujanek requested any applicable statutory penalties and attorney's fees.

In March 2009, while this litigation was pending, Kujanek sent Houston Poly a letter requesting a full copy of the plan documents. Those documents are the Adoption Agreement, Defined Contribution Prototype Plan and Trust, and Summary Plan Description. On March 13, Houston Poly sent Kujanek the Adoption Agreement and Summary Plan Description, but did not provide information on how to request a rollover distribution. On March 18, Kujanek wrote to Houston Poly and requested the information necessary to rollover his account funds. Houston Poly responded the same day with instruction documents and the requisite distribution election form. Kujanek submitted a completed election form the next day. In April 2009, Kujanek's counsel again requested from Houston Poly a complete set of the plan documents. Houston Poly responded by sending Kujanek a complete copy of the plan documents and a rollover distribution of $306,000.

In February 2010, after the parties had engaged in discovery, Kujanek moved for summary judgment. The magistrate judge granted the motion after concluding that Houston Poly breached its fiduciary duty of loyalty by failing to earlier provide plan documents and instructions on how Kujanek could obtain his profit-sharing account funds. The judge also found that Houston Poly had violated its reporting and disclosure obligations as a plan administrator when it declined to respond to Kujanek's April 2008 discovery request in the state court litigation.

In August 2010, the district court adopted the magistrate judge's recommendations in whole and granted summary judgment for Kujanek on his claims of breach of fiduciary duty and statutory penalties.[2] *See Kujanek v.*

---

[2] The district court also granted judgment for PBA, who is not a party to this appeal.

No. 10-20664

*Houston Poly Bag I, Ltd.*, 716 F. Supp. 2d 670 (S.D. Tex. 2010). The district court awarded Kujanek $183,881.88 in damages "to restore plan losses"; $25,025 in statutory penalties; and attorney's fees in the amount of $60,030. Houston Poly has timely appealed.

## II. DISCUSSION

### A. Standard of review

We review a district court's grant of summary judgment de novo, applying the same standards as the district court. *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 853 (5th Cir. 2003). A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there is a genuine issue of material fact, we review the evidence in the light most favorable to the nonmoving party. *Performance Autoplex*, 322 F.3d at 853.

### B. Fiduciary duty of loyalty

ERISA "imposes on the employer-fiduciary . . . strict statutory duties, including loyalty, prudence, and diversification." *Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 248 (5th Cir. 2008); *see also Langbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299, 307 (5th Cir. 2007) ("An ERISA fiduciary must act with prudence, loyalty and disinterestedness, requirements carefully delineated in the statute."). ERISA Section 404(a) specifies that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants," and "for the exclusive purpose of providing benefits to participants" and "defraying reasonable expenses of administering the plan." 29 U.S.C. § 1104(a)(1)(A). Such duties shall be discharged "with the care, skill, prudence, and diligence under

No. 10-20664

the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." *Id.* § 1104(a)(1)(B).

We have noted that "[o]ther than including these general dictates, ERISA does not expressly enumerate the particular duties of a fiduciary, but rather relies on the common law of trusts to define the general scope of a fiduciary's responsibilities." *Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 412 (5th Cir. 2003) (internal quotation marks omitted); *see also LaRue v. DeWolff, Boberg & Assoc.*, 552 U.S. 248, 253 n.4 (2008) (stating that the "common law of trusts . . . informs our interpretation of ERISA's fiduciary duties." (citing *Varity Corp. v. Howe*, 516 U.S. 489, 496-97 (1996)). Under the common law of trusts, a trustee has a duty of loyalty "to administer the trust solely in the interest of the beneficiaries, or solely in furtherance of its charitable purpose," and "the trustee is strictly prohibited from engaging in transactions that involve self-dealing or that otherwise involve or create a conflict between the trustee's fiduciary duties and personal interests." RESTATEMENT (THIRD) OF TRUSTS § 78 (2007). In addition, "a trustee has a duty in dealing with a beneficiary to deal fairly and to communicate to the beneficiary all material facts the trustee knows or should know in connection with the matter." *Id.*; *see also Pegram v. Herdrich*, 530 U.S. 211, 224 (2000) ("The most fundamental duty owed by the trustee to the beneficiaries of the trust is the duty of loyalty . . . . It is the duty of a trustee to administer the trust solely in the interest of the beneficiaries." (internal quotation marks omitted)).

Against this broad common law backdrop, we have observed that the express language of ERISA "provides little indication as to whether there is ever a fiduciary duty to disclose information to participants and beneficiaries," and "[n]either ERISA's fiduciary duty nor reporting and disclosure rules directly address the relationship between" one another. *Martinez*, 338 F.3d at 412. We

No. 10-20664

have also noted, however, that "trust principles impose a duty of disclosure upon an ERISA fiduciary when there are material facts affecting the interest of the beneficiary which the fiduciary knows the beneficiary does not know but needs to know for his protection." *Id.* (internal quotation marks and brackets omitted).

Houston Poly does not dispute that, as plan administrator, it was a fiduciary of the company's profit-sharing plan. Nor does it dispute that as part of its fiduciary duties, it had an obligation to provide Kujanek with the plan documents. Houston Poly contends, however, that this duty was not triggered prior to this litigation because Kujanek did not contact the company with a *written* request for the plan documents. In support of this contention it cites, as examples, two provisions of the Summary Plan Description that require requests to be written. The first provision in the Summary Plan Description states: "You or your beneficiaries may make a request for any Plan benefits to which you believe you are entitled. Any such request should be made in writing and should be made to the Administrator." The second states: "You may obtain copies of all Plan documents and other Plan information upon written request to the Administrator . . . ."

We are not persuaded that the quoted provisions of the Summary Plan Description control the issue of Houston Poly's fiduciary duty. As a fiduciary, Houston Poly was required to act "solely" in the interest of Kujanek, and to refrain from conduct that would involve or create a conflict between its fiduciary duties and personal interests. Houston Poly also had a duty "to deal fairly" and "to communicate . . . all material facts the trustee kn[ew] or should know in connection with the matter." RESTATEMENT (THIRD) OF TRUSTS § 78 (2007). There can be no doubt that Houston Poly was made aware in 2008, if not earlier, that Kujanek sought information about the profit-sharing plan and how he might obtain his account funds. Houston Poly also knew, or should have known, that Kujanek did not already have the crucial information and election form in

7

his possession.  Sumner testified at his deposition that departing employees at Houston Poly are not given documents or information that explain how to rollover their profit-sharing account funds, or what protocol they must follow to obtain the funds.  He also stated that there is nothing in an employee manual or procedure manual at Houston Poly that contains such information.  At a motions hearing before the magistrate judge in March 2010, Houston Poly's attorney conceded that there was no evidence that Kujanek received a copy of the Summary Plan Description before 2008.

On this record, we conclude that Houston Poly, by withholding plan documents and rollover information, failed to act in Kujanek's best interest and "for the exclusive purpose of providing benefits to participants."  29 U.S.C. § 1104(a)(1)(A).  "ERISA's duty of loyalty is the highest known to the law," *Bussian v. RJR Nabisco, Inc.*, 223 F.3d 286, 294 (5th Cir. 2000), and it is clear that Houston Poly breached that duty in this instance.  With respect to the remedy due to Kujanek, we agree with the district court that under ERISA § 502(a)(2), the loss and depreciation in Kujanek's profit-sharing account from 2007 to 2008 was the appropriate measure of relief.

## C.    Statutory penalties

Under ERISA's reporting, disclosure, and notification requirements, the plan administrator must furnish to each person who becomes a participant under an employee benefit plan a summary plan description within 90 days after the person becomes a participant.  29 U.S.C. § 1024(b)(1).  Additionally, with respect to an individual's current entitlement to benefits, upon written request any participant may also obtain a copy of the "bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."  *Id.* § 1024(b)(4).  That provision states that "[t]he administrator shall, upon written request of any participant . . . furnish a copy of the latest updated summary, plan description, and the latest annual report."  *Id.*

No. 10-20664

ERISA § 502(c)(1) provides the applicable remedy for disclosure violations. Under § 502(c)(1), "[a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this Title to furnish to a participant . . . within 30 days after such request may in the court's discretion be personally liable . . . in the amount of up to $100 a day from the date of such failure or refusal." 29 U.S.C. § 1132(c)(1). Although the statutory language is broad, we have held that "[a]s a penalty provision section 1132(c) must be strictly construed." *Fisher v. Met. Life Ins. Co.,* 895 F.2d 1073, 1077 (5th Cir. 1990).

The district court concluded that Kujanek's April 2008 discovery request in the state court litigation brought by Houston Poly served as a "written request" for plan documents, and that Houston Poly's failure to timely provide those documents rendered it liable for statutory penalties. Specifically, the court held that the term "written request" in ERISA § 104(b)(4) "encompasses a written request for documents in discovery," and that when a plan administrator's obligations are triggered under both ERISA and the federal rules governing discovery, the administrator is required to comply with both.

We do not agree with the district court's interpretation, and find more persuasive the approach of the Seventh Circuit in *Verkuilen v. South Shore Building and Mortgage Co.*, 122 F.3d 410 (7th Cir. 1997). In *Verkuilen*, an employee alleged that her employer, who was also the plan administrator, had not furnished requested information regarding her profit-sharing account. None of the employee's pre-suit requests were in writing. For five years the case remained on the district court's docket, during which Verkuilen never sent a written request to the plan administrator. She later argued that the complaint itself, an amended complaint, and an interrogatory were the necessary written requests to trigger ERISA duties. On this basis, Verkuilen sought ERISA penalties.

9

The Seventh Circuit held that Verkuilen was not entitled to statutory penalties, due to the material differences between ERISA requests and discovery requests under the Federal Rules of Civil Procedure. Under the former, a plan administrator that receives a request for information must furnish the data within 30 days "by mailing the material requested to the last known address of the requesting participant or beneficiary." *Verkuilen*, 122 F.3d at 411 (quoting 29 U.S.C. § 1132(c)(1)). In contrast, an interrogatory "under Fed. R. Civ. P. 33 is a lawyer-to-lawyer device, rather than a participant-to-administrator device." *Id.* Moreover, "Rule 33(b)(3) gives 30 days as the norm for answers, but the court may vary this time; can it be that any request for extra time to answer interrogatories in an ERISA case places the employer in violation of ERISA?" *Id.* The court concluded that "[i]nstead of forcing the defendant to guess whether to use the approach of ERISA or the Federal Rules of Civil Procedure in response to litigation documents, participants should do what ERISA contemplates: send a simple written request to the plan administrator. If 30 days pass and the administrator does not reply, suit may be filed to collect the statutory penalty." *Id.* at 411-12.

We find the Seventh Circuit's approach eminently sensible. "Nothing but confusion could come from treating complaints and interrogatories as ERISA demands, and replacing Rules 11 and 37 with the penalty provisions of § 1132(c)." *Id.* at 412. We therefore decline to draw a brightline rule that discovery requests in an unrelated litigation between an employer and employee always constitute a "written request" under ERISA's disclosure rules.

But we note that we are troubled by the lack of evidence in this record that Houston Poly *ever* provided Kujanek with the controlling documents for the profit-sharing plan, as required under ERISA § 104(b)(1). Kujanek has maintained throughout this litigation that during his employment with Houston Poly, he never received the Summary Plan Description, Adoption Agreement, or

Defined Contribution Prototype Plan and Trust. At the March 2010 motions hearing, Kujanek's attorney stated that no employee at Houston Poly has received a copy of the Summary Plan Description. Houston Poly's attorney stated that the Summary Plan Description is provided to employees, but only upon request. At Sumner's deposition, when asked whether employees are provided with copies of the Summary Plan Description and Adoption Agreement while employed at Houston Poly, Sumner replied, "Not that I know of." And when asked whether he has provided any information on the Prototype Plan to any employee, Sumner responded that he has not.

Houston Poly argued below that it provided the requisite plan information to Kujanek in the summary allocation report it issues to plan participants every year. The summary allocation report lists the participant's beginning balance, contribution, and ending balance for the year on a spreadsheet, and notifies participants that they have a right to examine documents such as the full annual report, accountant's report, and a list of the plan's assets and liabilities. But the report contains no information about how a participant may elect to receive a rollover distribution, nor does it inform the participant of her rights under the profit-sharing plan. We therefore remand to the district court for additional findings on whether Houston Poly failed to furnish Kujanek with the requisite documents under ERISA § 104(b)(1), and if so, whether that omission serves as a basis for statutory penalties.

### D.    Attorney's fees

Finally, Houston Poly contends that the district court erred in granting Kujanek attorney's fees in this case. We disagree. The district court was well within its discretion under 29 U.S.C. § 1132(g)(1) to determine attorney's fees prior to the entry of final judgment in this case, and Kujanek's attorney provided a reasonable basis on which to calculate the fees due. Additionally, the district court concluded that Kujanek had demonstrated more than the minimum

"degree of success on the merits" to support an award of attorney's fees. As further support for its conclusion, the district court found that not only was Houston Poly's culpability in this case "substantial," but that Houston Poly had made misleading and false statements to the court in its pleadings. These findings are supported by the record, and therefore we hold that the district court did not abuse its discretion in awarding Kujanek attorney's fees.

## III.  CONCLUSION

For the above reasons, we AFFIRM the district court's award of damages for breach of fiduciary duty and award of attorney's fees, and REVERSE and REMAND on the issue of statutory penalties.