# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2012

No. 11-10643
Summary Calendar

Lyle W. Cayce
Clerk

PHIL GUILES, doing business as Mom's Wide-A-Wake Bail Bonds,

Plaintiff-Appellant

v.

TARRANT COUNTY BAIL BOND BOARD; DEE ANDERSON, Sheriff,
Tarrant County, Texas; JOE SHANNON, Tarrant County District Attorney,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-738

Before JOLLY, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Phil Guiles, a bail bondsman, brought suit against the Tarrant County
Bail Bond Board, the sheriff, and the district attorney.  The district court
converted the defendants' motion to dismiss into one for summary judgment and
granted the motion.  Guiles appeals.  We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-10643

Collectively, the defendants are responsible for the operation of bail bonds within Tarrant County, Texas.  Guiles is one of the many bondsmen whom the defendants regulate.  The Board, under a Settlement Schedule, sets the amount a bondsman forfeits when a criminal defendant free on bond does not appear in court.  The amount ranges between 30 percent of the bond and its face value.  Once the exact amount has been determined, judgment is entered by the local court.  At times, the Board proposes a settlement for a lesser amount than that established in the schedule.  Settlements must be approved by the court.  Once judgment is entered, the bondsman has 31 days to pay.  Failure to do so can lead to a suspension of the person's ability to write bonds.  The court, however, has the authority to grant continuances that delay the time for payment.

Guiles filed a Section 1983 action in the United States District Court for the Northern District of Texas.  *See* 42 U.S.C. § 1983.  He alleged that the sheriff and district attorney in their official capacities violated his First Amendment rights and also the Due Process and Equal Protection Clauses of the Fourteenth Amendment by treating bondsmen who are not attorneys differently from those who are attorneys.  On November 12, 2010, the defendants filed a motion to dismiss to which they attached a 136-page appendix.  On March 25, 2011, the district court entered an order that converted the motion to dismiss into one for summary judgment and also granted the motion.  Guiles appealed.

Guiles's briefing identified four issues, then grouped them into two parts.  One broad issue is about procedure, while the other concerns substance.

## DISCUSSION

We first address Guiles's claim that the district court erred by converting the defendants' motion to dismiss into a motion for summary judgment.  A court has this power.  *See* Fed. R. Civ. P. 12(d).  Guiles argues reversal is needed, though, because he did not receive adequate notice of the conversion.

No. 11-10643

Notice in this context is satisfied if the nonmovant knows that the court *may* convert the motion. *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 195 (5th Cir. 1988). The court need not expressly warn the nonmovant that it plans to convert the motion. *Id.* A non-moving party receives adequate notice when it is aware that the movant has placed matters outside the pleadings before the district court for its review. *See id.* at 196. The defendants here submitted the bail bond settlement schedule, the Board rules, court records from the case which caused Guiles to be suspended, a record of the Board's disciplinary hearing for Guiles, and a record of his license renewal proceedings.

Guiles was required to be aware of what was in the defendants' properly made filing. His actual notice is clear from the fact he mentioned the filing in his motion for extension of time to file a reply. In the reply itself, he discussed the defendants' arguments. The documents on which the district court relied were on file more than four months before summary judgment was granted.

Certain portions of the defendants' appendix could be considered by the district court without converting the motion to dismiss into a motion for summary judgment, while other parts potentially required converting the motion. There is no need to categorize the various documents, because there was no error in considering them. Guiles received adequate notice. The district court did not err in converting the motion into one for summary judgment.

We now turn to the second broad issue Guiles raises on appeal. He does not challenge all of the district court's rulings. We conclude he is arguing error as to the resolution of his equal protection claims against all defendants, and also of his procedural and substantive due process claims.

In reviewing a summary judgment, we apply the same standard as did the district court. *Kujanek v. Hous. Poly Bag I, Ltd.*, 658 F.3d 483, 487 (5th Cir. 2011). A grant of summary judgment may be affirmed "on any grounds supported by the record – including grounds different than those relied upon by

the district court." *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 754 (5th Cir. 2010). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

On the equal protection issue, Guiles argues that the defendants discriminated against him as a "class of one," and not as a member of a group. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). He alleges attorneys are allowed to settle for an amount that is lower than mandated by the Board. Additionally, he claims that certain attorneys are allowed multiple continuances, while he is permitted just one.

The only evidence as to the process about which Guiles complains is that bond settlements involve both the district attorney and the local court. Once a bond has been forfeited, a bondsman may pay the amount dictated by the Settlement Schedule, enter into a settlement with the district attorney for another amount, or contest the dispute before the court. No matter what path the bondsman takes, the court must enter final judgment. One effect of this scheme is that the court has the power to reject settlement agreements or depart from the Settlement Schedule. Whether to grant a continuance is also left to the discretion of the court.

An equal protection claim that does not involve a suspect classification must show that the individuals involved, some of whom are allegedly treated preferentially compared to others, are similarly situated. *Mahone v. Addicks Util. Dist. of Harris Cnty.*, 836 F.2d 921, 932 (5th Cir. 1988). The Equal Protection Clause prohibits dissimilar treatment of similar people. *Id.* The district court held that Guiles's claims of discrimination by the district attorney and sheriff are actually complaints about decisions by state judges who determine whether to grant continuances and approve settlements. We agree

No. 11-10643

that his claim regarding continuances is actually a challenge to trial judge rulings and does not implicate the defendants.

We also agree that the district court was correct to dismiss the claim regarding settlements. Even if the defendants are treating Guiles differently than attorney bondsmen regarding settlements, there has been no showing that the conduct was arbitrary or vindictive and therefore impermissible. *See Russell v. Collins*, 998 F.2d 1287, 1294 (5th Cir. 1993). Further, Guiles has not proven he is similarly situated to an attorney. The entirety of his argument is this: "Attorneys and non attorney bail bondsmen are similarly situated with regard to executing bonds in Tarrant County and the Texas Occupation Code §1704.001 et seq." That conclusory statement is not enough. *See Andrade v. Gonzales*, 459 F.3d 538, 543-44 (5th Cir. 2006). Consequently, the district court was correct that Guiles failed to make a claim of a constitutional violation by the named individual defendants.

Guiles also makes a more specific procedural due process claim against the Bail Bond Board. After a judge held Guiles to be in default on one of the bonds, the Board was notified. It promptly disqualified him from writing future bonds. Guiles does not dispute that such disqualification is generally appropriate. His argument is that because he appealed with a supersedeas bond from the court's finding of default, he should not have been disqualified by the Board. The parties seem to be in agreement about the effect of the supersedeas on a bondsman's right to avoid disqualification. The Board states that it was unaware of the supersedeas when it first acted. Once Guiles pointed out the supersedeas bond, the Board removed his disqualification. When the district court denied the due process claim, it quoted Guiles's brief in which he acknowledged that the Board allowed him to write bonds once it was notified of the supersedeas.

5

No. 11-10643

We agree with the district court that there is nothing on which to make a claim of denial of procedural due process.  Perhaps a fact issue exists, which we need not decide, about whether mistakes were committed by the Board, the clerk of the court in which Guiles had been held in default, or by someone else.  This is not enough. *Lemoine v. New Horizons Ranch and Ctr., Inc.*, 174 F.3d 629, 634-35 (5th Cir. 1999).  There is no allegation that the defendants intentionally ignored the supersedeas.  Any dispute of fact is immaterial and judgment was properly granted on the claims arising out of the failure immediately to recognize the existence of a supersedeas bond.

Guiles makes the briefest of arguments on appeal about his First Amendment claim.  Some general principles are set out, but he never identifies conduct by a defendant that would support his claim.  We do not consider the claim.  *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).

His substantive due process claim is based on unequal treatment.  By alleging that a specific constitutional provision, the Equal Protection Clause, prohibits the defendants' conduct, he cannot also rely on "the broad notion of substantive due process" to challenge the same conduct. *Velez v. Levy*, 401 F.3d 75, 94 (2d Cir. 2005).

AFFIRMED.